UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES UNDERWOOD, INDIVDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUTATED, § § § § | | |
| Plaintiffs, § § | | |
| VS. § § | C.A. 2:19-cv-00189 | |
| AVANGRID RENEWABLES LLC, § § § | | |
| Defendant. § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT - COLLECTIVE ACTION**

To the Honorable United States District Court:

Pursuant to Section 207 and Section 216 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiff James Underwood, Individually, and on behalf of all others similarly situated, files this Original Complaint against Avangrid Renewables LLC, and shows as follows:

1. Plaintiff James Underwood worked more than forty (40) hours in a workweek as a wind turbine technician for Defendant Avangrid Renewables LLC (Defendant) in Kenedy County, Texas. However, Defendant did not pay him overtime pay for all such hours at the overtime rate required under the Fair Labor Standards Act (FSLA).

2. Defendant's conduct violates the FSLA, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a work week at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3. Defendant likewise did not pay overtime to other similarly situated workers (hereinafter called "Class Members"). These other workers should receive notice of their right to join this suit.

### A. Parties

4. The named plaintiff is James Underwood. He is an individual and resident of Nueces County, Texas.

5. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C § 216(b) is defined as "all persons employed by Defendant in Kenedy County, Texas, as wind turbine technicians between July 11, 2016, and the present." ("Putative Class Members"). The precise size and the identity of the Putative Class Members will be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant and/or its related and affiliated entities.

6. The defendant is Avangrid Renewables LLC. It is an organization formed and existing in the state of Texas. It does business in the state of Texas and maintains one or more offices in the state of Texas, including in Kenedy County, Texas. Service of process is not necessary at this time. Defendant's counsel has agreed to accept service of process.

### B. Jurisdiction and Venue

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. It presents a federal question.

8.      Venue is proper in the Corpus Christi Division of the Southern District of Texas, because a substantial portion of the events forming the basis of this suit occurred within the Corpus Christi Division of the Southern District of Texas.

**C.      Facts**

9.      Defendant is in the business of advanced combustion based generating technologies and renewable energy options including, but not limited to wind farms throughout Texas and the United States.  Plaintiff is employed as a wind turbine technician by Defendant at one of the Defendant's wind farms near Sarita, Texas, and in Kenedy County, Texas, and has been since November 2010.

10.     Defendant employs laborers such as Plaintiff and Class Members to repair, maintain, troubleshoot and perform miscellaneous work associated with wind turbines located at its various wind farms, including in Kenedy County, Texas.

11.     Plaintiff and Class Members are required to be present at Defendant's designated site/gate each day in Kenedy County, Texas, just off of Highway 77 (Northbound side) in their personal vehicles by about 6:15 a.m. each workday.  They are then required to perform a "walk-around" inspection of their work trucks, which includes wiping down headlights, windows, putting air in tires, and to change tires, if necessary.  It is a mandatory work policy of Defendant that Plaintiff and Class Members use Defendant's work trucks to get to the wind farm each day and to return to their personal vehicles each day.

12. Plaintiff and Class Members drive their work trucks from the site/gate approximately 22 miles on a private, poorly-surfaced caliche road to reach the wind farm turbines they maintain. Plaintiff and Class Members are required to follow work-regulated speed limits of 15 mph, 25, mph, and 35 mph, respectively, depending on the segment. If they travel faster than the regulated speed limit, which is monitored by cameras and GPS, Plaintiff and Class Members face discipline from Defendant. Further, any personal injuries that occur during travel are reported as work incidents. Plaintiff and Class Members also often receive work instructions from supervisors while traveling via CB radio before they arrive to the wind farm. The travel takes 40-60 minutes, each way, depending on conditions. Plaintiff and Class Members repeat the same process at the end of each work day to return to their personal vehicles. This is not "ordinary" travel or drive time to and from work. Indeed, if considered "ordinary" travel, then almost nothing is not "ordinary" travel.

13. Plaintiff and Class Members are not compensated by Defendant at all until they reach the wind farm; and they are not compensated for the travel back to their personal vehicles from the wind farm. Thus, for each workweek, Plaintiff and Class Members are not compensated at all for about 8-10 work hours, based on a 5-day workweek. These are all overtime hours.

14. Although Plaintiff and Class Members are required to work more than forty (40) hours per work-week, Plaintiff and Class Members are not compensated at the FLSA mandated time-and-a-half rate for all hours in excess of forty (40) per work-week.

Specifically, Defendant did not pay Plaintiff and Class Members at the FLSA mandated time-and-a-half rate for hours worked during their trip to the work site/wind farms and back.  All of the hours worked by Plaintiff and Class Members for travel to and from the wind farm and personal parking area are overtime hours.

15. Plaintiff and Class Members are non-exempt employees.

16. Defendant's method of paying Plaintiff and Class Member in violation of the FLSA was willful, and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA.

### D. Collective Action Allegations

17. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek, and that Class Members are interested in joining this collective action.

18. Other employees similarly situated to Plaintiff have worked at Defendant's wind farms but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

19. Although the Defendant required the Class Members to work in excess of forty (40) hours per workweek, Defendant denied them full compensation for their hours worked over forty (40).

20. The Class Members perform or have performed the same or similar work as the Plaintiff in Kenedy County, Texas, for Defendant.

21. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

22. Class Members are not exempt from receiving overtime under the FLSA.

23. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime.

24. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

25. The experiences of the Plaintiff, with respect to his pay, is typical of the experiences of the Class Members.

26. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

27. All Class Members, irrespective of the their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

28. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

29. As such, the class of similarly situated Plaintiff is properly defined as follows:

> **The Class includes all current and former wind turbine technician employed employed by Defendant in Kenedy County, Texas, during the three-year period before the filing of this Complaint.**

30. Additionally, Plaintiff has actual knowledge that other potential Plaintiffs are interested in joining this action.

### E. Plaintiffs' Overtime Wage Claim

31. Plaintiff and Class Members incorporate all allegations contained in the foregoing paragraphs.

32. Defendant's practice of failing to pay Plaintiff and Class Members for all hours violates the FLSA. *See* 29 U.S.C. § 207; *see also* 29 C.F.R. § 778.107.

33. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or to the Plaintiff and Class Members. *See* 29 U.S.C. § 213(a).

34. Defendant did not pay Plaintiff and Class Members for all time worked over 40 in a workweek, and failed to pay Plaintiff and Class Members the legally mandated time and one-half rate for the hours worked over forty (40) in a workweek from the gate/site to the wind farm.

35. Defendant's compensation policy violates the FLSA.

36. No exemption excuses the Defendant from paying minimum wage and/or overtime rates for hours worked over forty.

37. Nor has the Defendant made a good faith effort to copy with the FLSA.

38. Instead, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

### F. Overtime Wages Damages Sought

39. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation for their hours spent traveling to and from the wind farm each day.

40. Plaintiff and Class Members are entitled to an amount equal to all of the unpaid overtime wages as liquidated damages. 29 U.S.C. § 216(b).

41. Plaintiff and Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

### PRAYER

42. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a. overtime wages for all unpaid hours worked in excess of forty hours at the rate of one and one-half times their regular rates;

   b. liquidated damages in an amount equal to their unpaid minimum and overtime wages as allowed under the FLSA.;

   c. reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

   d. pre-judgement and post-judgement interest at the highest rates allowed by law; and

   e. such other and further relief as may be required by law.

Respectfully submitted,

<u>s/Jon D. Brooks</u>
Jon D. Brooks
Attorney-in-Charge
Texas Bar No. 24004563
Southern District No. 24936
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
Telephone:  (361) 885-7710
Facsimile:  (361) 885-7716
E-mail: jbrooks@brooksllp.com

**Attorney for Plaintiff and Class Members**