United States District Court
Southern District of Texas
**ENTERED**
December 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES UNDERWOOD, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-189 |
| | § | |
| AVANGRID RENEWABLES LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON REQUEST TO RECONSIDER

Before the Court is "Defendant Avangrid Renewables, LLC's Request for Reconsideration of Order Denying Its Motion for Partial Summary Judgment" (D.E. 31) and Plaintiffs' response (D.E. 32). At issue is whether there is evidence to support Plaintiffs' claim that any violation of the Fair Labor Standards Act (FLSA) was willful. For the reasons set out below, the Court GRANTS the motion and issues partial summary judgment DISMISSING the claim of willfulness.

### DISCUSSION

Plaintiffs bear the burden of proof to show that an FLSA violation was willful. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). To be willful, the conduct must be knowing or demonstrate reckless disregard. *Id*. at 132-33. Mere negligence or simple awareness that the FLSA applied is not enough. *Id*.

The parties appear to agree that the record reflects that Defendant did "precisely nothing to determine whether its pay policy violated the FLSA." *See* D.E. 32, p. 11. Plaintiffs do not argue that doing nothing constitutes "knowing" conduct. Therefore, the

question for the Court is whether doing nothing constitutes "reckless disregard." If, as the *McLaughlin* case holds, a violation is not willful simply because the defendant knows that the statute is in play when it makes the pay decision, then reckless disregard must connote some awareness that the decision may be a violation of the statute. A defendant acts in reckless disregard when there is something in particular that it should have regarded—beyond the existence of the FLSA.

In this case, Plaintiffs offer two suggestions for that particular something: (1) a prior FLSA action against Defendant's predecessor, which challenged the pay practice; and (2) a complaint made to a supervisory employee. With respect to the first, Plaintiff produced no evidence that Defendant had knowledge of the prior litigation before this case was filed. Thus, it cannot serve as the basis for a finding of reckless disregard.

With respect to the second, Defendant has shown that the work at issue here—time between the mandatory arrival at the property's main gate and arrival at the workplace—is not an issue at any facility other than the one where these Plaintiffs work. Moreover, pay decisions were made at the corporate level. And there is no evidence that the issue peculiar to that facility was brought to corporate-level attention.

Plaintiffs' only evidence is that a group of employees made a complaint to "one of the [D]efendant's former plant managers" about the failure to pay for the travel time. D.E. 28, p. 10. Plaintiffs have not offered evidence that the former plant manager was actually involved in pay decisions. Neither have they pled or offered evidence that he

had the capacity of a vice-principal so as to bind the corporate Defendant on this issue.[1]  Without this pleading and proof, the former plant manager is treated as a fellow corporate employee whose actions are legally insufficient to bind the employer. *Lantry-Sharpe*, 150 S.W. at 1158-59.

Plaintiffs muddle the issue with their argument that Defendant failed to show good faith because they did nothing, such as consult an attorney for legal advice on the issue. This good faith analysis in the FLSA context is used as an affirmative defense to the imposition of liquidated damages. *Reyes v. Tex. EZPawn, L.P.*, 459 F. Supp. 2d 546, 564 (S.D. Tex. 2006). Plaintiffs offer no authority to treat the absence of this type of good faith as reckless disregard, crossing over from the liquidated damages issue to the willfulness issue.

## CONCLUSION

For the reasons set out above, the Court GRANTS Defendant's request for reconsideration (D.E. 31). The Court VACATES its Order (D.E. 29) issued October 14, 2020, and now GRANTS IN PART and DENIES IN PART Defendant's motion for partial summary judgment (D.E. 24). The Court DISMISSES Plaintiffs' claim that Defendant violated the FLSA willfully; the Court RETAINS Plaintiffs' claim that their

---

[1] *See Schwartz v. Sears, Roebuck & Co.*, 669 F.2d 1091, 1095 n.4 (5th Cir. 1982) (*citing Fort Worth Elevators Co. v. Russell*, 70 S.W.2d 397, 406 (Tex. 1934)), *disapproved on other grounds by Wright v. Gifford-Hill & Co.*, 725 S.W.2d 712 (Tex. 1987) (corporations can be bound by the acts of their vice-principals, noting the characteristics that qualify an employee as a vice-principal). "The question of whether a servant is a vice-principal is a mixed question of law and fact and is thus for the jury to determine." *Funk Farms, Inc. v. Montoya*, 736 S.W.2d 803, 806 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.) (citing *Hugo Schmeltzer Co. v. Paiz*, 104 Tex. 563, 141 S.W. 518, 521 (1911)). It must be pled and proven. *See generally, Lantry-Sharpe Contracting Co. v. McCracken*, 150 S.W. 1156, 1158 (Tex. 1912) (reviewing pleading for vice-principal theory); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (pleading standards); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (same).

time as passengers commuting between the security gate and O&M Building is compensable under the FLSA because there is sufficient evidence to raise a disputed issue of material fact supporting the claim.

    ORDERED this 14th day of December, 2020.

                                          NELVA GONZALES RAMOS
                                          UNITED STATES DISTRICT JUDGE